# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:06cv379

| | | |
|---|---|---|
| ROBERT SPILMANN, d/b/a<br>Spilmann Architectural Sales, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| SCHAEFER INTERSTATE, INC., | ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on reassignment from United

States Magistrate Judge David Keesler.

On August 21, 2006, this case was transferred from the United

States District Court, Eastern District of Louisiana on the Plaintiff's motion.

[Doc. 23, Attachment 2, filed August 21, 2006].  The case was originally

filed in 2004 in a Louisiana state court and removed to federal court by the

Defendant, a North Carolina corporation, based on diversity jurisdiction.

[Doc. 23, Attachment 1].  After its transfer to this District, there was no

activity in this case until April 2007 when the Clerk of Court notified the

parties that the record disclosed a lack of prosecution and provided a case opening package which included a copies of forms required by the Local Rules, including a certification of initial attorneys' conference. [Doc. 24, filed April 9, 2007]. In July 2007, the parties were ordered to confer and file a certification of the initial attorneys' conference on or before July 31, 2007. [Doc. 27, filed July 11, 2007]. The parties failed to do so.

On December 11, 2007, the Magistrate Judge notified the parties that they had failed to follow the Court's instructions and ordered the Plaintiff to show cause on or before December 31, 2007, as to why the case should not be dismissed for failure to prosecute. [Doc. 28]. In that notice, the Plaintiff was warned that a failure to respond would result in the dismissal of the action. [Id.]. In the six months since that warning was provided, no response has been made and the case has not been prosecuted. The Plaintiff has failed to prosecute the action and has ignored the Court's instructions to respond or face dismissal. The Court finds and concludes that due to the Defendant's financial difficulties, the Plaintiff has abandoned this action. As a result, and particularly as a result of the Plaintiff having ignored this Court's ordered, the case will be dismissed on the merits with prejudice. See, *e.g.*, Fed.R.Civ.P. 41(b); Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)

(Federal court may *sua sponte* dismiss an action for failure to prosecute pursuant to its inherent power.), *citing* <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); <u>United States v. Moussaoui</u>, 483 F.3d 220, 236 (4th Cir. 2007).

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED** on the merits with prejudice.

Martin Reidinger
United States District Judge

Signed: June 23, 2008